BUTT *v.* SAXON.

Opinion delivered February 24, 1930.

*W. P. Feazel, Sam E. Leslie* and *Walter M. Purvis,* for appellant.

*Barber & Henry* and *Frauenthal, Sherrill & Johnson,* for appellee.

SMITH, J. Prior to the 17th day of March, 1924, a receiver was appointed by the Pulaski Chancery Court to take possession of the assets of the Climber Motor Company, an insolvent corporation, and in the progress of the litigation the receiver was ordered to sell the assets of the company at public sale, upon a credit of three months. The order of sale required the receiver, acting as a special commissioner, to require bond of the

purchaser, with security to be approved by him, for the performance of the offer to buy.

Notice was given pursuant to the order of sale, and a sale of all the assets was made on March 17, 1924. A report of the sale was made, which recited that J. W. Dickinson had purchased the property for $90,000, and that he had executed bond with R. L. Saxon as surety. This report was duly approved and confirmed on the 21st day of March, 1924, which was a day of the October, 1923, term of the court. The April term of the court began on the first Monday of April following.

On June 2, 1924, J. S. Butt, who had previously recovered a judgment against Dickinson in the Howard County Chancery Court, filed a duly certified copy thereof in the office of the clerk of the circuit court of Pulaski County, and the lien thereof has been kept in force by revivor proceedings, and it is now a subsisting lien on any land in Pulaski County in which Dickinson has an interest. Certain valuable lands in Pulaski County were embraced in the assets of the corporation which were sold by the receiver.

On the 8th day of August, 1924, a petition was filed in the Pulaski Chancery Court, signed by attorneys for Dickinson and Saxon, in which it was alleged that Saxon —and not Dickinson—was the purchaser at the receiver's sale; that Saxon had already paid the sum of $28,000 to the receiver, and was ready to pay the balance, with the interest thereon, when an order was made correcting the decree confirming the sale so as to show that Saxon —and not Dickinson—was the purchaser of the property. After hearing testimony, the court found the fact to be that an error had been made in the report of the receiver, in that it recited that Dickinson was the purchaser, and Saxon was the surety, whereas the truth was that Saxon was the purchaser, and Dickinson was the surety, and the order of confirmation was set aside, and an order entered confirming the sale as having been made to Saxon and not to Dickinson, and upon

the entry of this order Saxon paid the balance then due upon the purchase price, and a deed, duly approved, was delivered to him. It appears that to obtain the money to complete the payment Saxon obtained a loan from the Bankers' Trust Company, of Little Rock, upon the security of the real estate sold at the receiver's sale.

Three suits were filed in the Pulaski Chancery Court, which were consolidated for the purpose of trial and heard as a single case, and it is from the decree therein rendered that this appeal comes.

J. S. Butt was the plaintiff in one of these cases, and for his cause of action he alleged that his judgment against Dickinson herein referred to was a lien on the land herein involved, and he prayed the court to make an order setting aside the previous order, above referred to, correcting the confirmation of the sale, and to set aside the deed executed pursuant thereto, and that he have his judgment against Dickinson declared a lien on the land. Saxon and the Bankers' Trust Company were made defendants in this suit. Answers and cross-complaints were filed which elaborated the facts herein summarized.

When the notes of Saxon to the Bankers' Trust Company matured and were not paid, suit was brought to foreclose the deed of trust securing them, and all persons in interest were made parties and the same issues were raised.

The third suit was brought to enforce a mechanic's lien against Saxon, which was conceded to be subject to the lien of the deed of trust to the Bankers' Trust Company.

A decree was rendered, from which only Butt has appealed, and we need therefore consider only the issue which he raised on this his appeal, and that is, that the court was in error in holding that his judgment against Dickinson was not a lien upon the land.

For the reversal of this decree it is insisted that the court erred in setting aside, at the April term of

the court, the order confirming the sale, made at the previous October term.

The undisputed testimony shows that Dickinson did not attend the sale and did not bid thereat. On the other hand, it is undisputed that Saxon was the last and highest bidder, and the undisputed testimony further shows that he personally paid the entire purchase price, and that Dickinson paid nothing. After the sale it became necessary to execute a bond to comply with the order of sale, and it was not certainly known who the surety would be, so that, when the report of the receiver was prepared, this part of the report was left blank, and when the report was completed and filed it recited that Dickinson was the purchaser, and Saxon the surety, and the report was confirmed with this recital in it.

The simplest principles of equity and justice require the correction of this error, and § 6290, C. & M. Digest, affords full authority for doing so, as this was a misprision of the clerk within the meaning of that statute. It is true the report of sale was not prepared by the clerk, nor was the precedent for the order confirming it, but it was his duty to prepare this order. Section 1374, 'C. & M. Digest, provides that ''He (the clerk) shall seasonably record the judgments, rules, orders and other proceedings of the court of which he is the clerk, * * *,'' and it is his duty to record them correctly. The court was the vendor in this case, acting through its receiver, and the order of the court should have correctly named the purchaser. It was a misprision not to do so, and the error was properly corrected at the subsequent term. Section 6290, C. & M. Digest. Moreover, the court had not lost its jurisdiction over the case at the expiration of the October term. It was necessary for the court, at its ensuing April term, to determine whether the purchaser had become entitled to his deed by complying with his bid, and the court then determined that he had and that Saxon was the purchaser. It was therefore within the jurisdiction of the court to correct the er-

roneous recital in the order of confirmation, and to order the deed delivered to the actual purchaser, and this order was properly entered.

The decree of the court is correct, and must therefore be affirmed, and it is so ordered.